United States District Court
Southern District of Texas

**ENTERED**

May 22, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ADAN TORRES ROJAS,<br>Petitioner, | §<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-02976 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| TODD BLANCHE, *et al*,<br>Respondents. | §<br>§ | |

### ORDER OF DISMISSAL

Petitioner Adan Torres Rojas filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 15, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Administrative Procedure Act, (iii) equal protection, and (iv) the Suspension Clause. Id at ¶¶49–96.

Pending also is a motion by the Government for summary judgment. Dkt 7. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that Petitioner's claims fail on the merits. Id at 3–12.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that the Government may detain an alien pursuant to §1225(b)(2)(A) while deportation proceedings are pending without offending substantive due process.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

The arguments presented in the petition and reply raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Adan Torres Rojas is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 22, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge